Warner, C. J.
The defendant was indicted and tried as the actual perpetrator of the crime of murder, which is the highest grade of homicide known to the law.
1. It is the duty of the Court, on the trial of a defendant for a violation of a public law, to give in charge to the jury, the law defining the offense. In this case the presiding Judge stated, “ that he would not charge the jury as to the law relative to the different grades of homicide, because the counsel both for the prosecution and State, have here conceded that the perpetrator of this act is guilty of murder.” The Court intended to say, we presume, that the counsel both for the State and the prisoner, have here conceded that the perpetrator of this act is guilty of murder. Still, that concession, if made, will not absolve the Court from the performance of its duty, where the life of the prisoner is involved, in giving to the jury the law applicable to the offense with which he is charged. In our judgment, when a defendant is charged with the crime of murder, it is the duty of the Court to give in charge to the jury, the law defining that offense, and if the evidence upon the trial will authorize it, but not otherwise, also to give in charge to the jury, the law defining the several grades of homicide as declared by the Code, so far as the evidence will authorize and is applicable to such inferior grades of homicide. But if there is no evidence which would authorize the jury to find a verdict for any grade of homicide of less degree than that of murder, then such charge, ought not to be given. It is always the duty of the Court to charge the jury, the law applicable to the facts proved on the trial, and not upon an assumed state of facts not proved on the trial.
2. The next ground of error is, that the Court charged the jury that they could find the defendant guilty as principal in the second degree, upon the evidence in this record, when he was charged as the actual perpetrator of the crime, in the indictment. “A principal in the first degree is he or she that is the actor or absolute perpetrator of the crime. A principal *234 in the second degree, is he or she who is present aiding and abetting the act to be done; which presence need not always be an actual, immediate standing-by, within sight or hearing of the act, but there may be also a constructive presence, as when one commits a robbery, murder or other crime, and another keeps watch or guard at a convenient distance.” Code, section 4204. Can a defendant, under our Code, who is charged as the absolute perpetrator of the crime, be found guilty as a principal in the second degree? We think not, for the obvious reason that the accusation does not notify him that he will be held responsible for such acts as will make him a principal in the second degree, and therefore he is taken by surprise at the trial. The accusation in the indictment only notifies him that he was to be held responsible as the absolute perpetrator of the crime, and at the trial he was prepared to meet that charge; but if under that charge, he can be found guilty as principal in the second degree, by proof of such facts as will make him such under the definition of the Code, then he has had no notice that he will be required to meet such evidence, or be prepared to rebut or explain it. But it is said the punishment is the same in both cases. In reply to that suggestion it may be said, that the punishment for murder and the willful, malicious burning of a house in a town or city, is the same; but the allegation in the indictment for each offence, would not be the same, although the punishment may be. In our judgment, the Code in defining who shall be a principal in the first degree, and who shall be a principal in the second degree, clearly contemplates that the party shall be indicted and charged with that degree of the offence for which the State seeks to convict him. If there is any doubt as to what the evidence may be on the trial, the safer course would be for the prosecuting officer to have two counts in his iudictment, charging the defendant as principal in the first degree in one count, and as principal in the second degree in the other, as was done in Commonwealth vs. Knapp, 10th Pickering’s Rep., 478. The case of Hill vs. the State, (28th Ga. Rep., 604,) has been cited in the argument. In that case, the defendant was indicted as the principal perpe *235 trator of the crime, and the Court held that all the parties engaged in the transaction were principals, the stroke of one of the parties, being in law.|the stroke of the other. What were the particular facts in that case, the report does not show. The principle asserted in that case, we affirm as an abstract principle of law, without any knowledge of the facts to which it was applied. If, however, the facts in that case were as assumed by Mr. Justice Stephens in his dissenting opinion, we concur with him in holding, “ that under an indictment against one as principal in the first degree, there can be no conviction of him as principal in the second degree.” Whether the evidence in that case was sufficient to make Hill a principal in the first degree, as he was charged in the indictment, or whether it only went to show that he was a principal in the second degree, we do not know, as there is no report of the evidence. The defendant in this case was indicted as the principal perpetrator of the crime, and in view of the facts disclosed by the evidence, the Court below should have instructed the jury, that if they believed from the evidence that it was the intention of the parties engaged in the difficulty between Proctor and Henderson to do an unlawful act, and the defendant in the prosecution of that intention, committed the homicide upon the deceased; or if they should believe from the evidence that the homicide was committed upon the deceased by either of the parties engaged in the prosecution of that common intention, then the jury might find him guilty— that is to say, guilty as principal perpetrator of the crime as charged in the indictment. That part of' the charge of the Court below, instructing the jury that they could find the defendant guilty as principal in the second degree, u although not the party who used the knife,” was error.
3. The verdict in this case finds the defendant guilty of murder as principal in the second degree, which is contrary to the allegation in the indictment, which charges him as the actual perpetrator of the crime. The verdict, therefore, does not speak the truth as to the issue formed upon the indictment, and is error.
Let the judgment of the Court below be reversed.